# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THERESE PICKLING SERIGNESE, | Case No. 2:24-cv-00794-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM H. COSBY, JR., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Remand, which disputes Defendant's amount in controversy calculation. ECF No. 15. Defendant responded, ECF No. 20, and Plaintiff replied. ECF No. 23. Because Plaintiff challenges Defendant's damages calculations and assumptions, Defendant has the burden of showing by a preponderance of the evidence that the jurisdictional threshold is satisfied. But despite pointing to allegations in the complaint and the settlement demand letter, Defendant fails to do so. As such, the Court grants Plaintiff's Motion and remands the case to state court. The Court also denies Defendant's Motion for Leave to File Supplemental Authority, ECF No. 26, because he fails to show good cause.

**I.     BACKGROUND**

This case surrounds Defendant's alleged sexual battery of Plaintiff in the 1970s and the accompanying pain and suffering that Plaintiff says she faced in the years that followed. *See generally* ECF No. 1-2. She brings three causes of action against Defendant: sexual battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id.* Though Plaintiff filed her case in state court in October 2023, due to difficulty in serving Defendant, the case was not removed to federal court until April 2024. *See* ECF Nos. 1; 15.

Plaintiff now asks the Court to remand the case because she contends that Defendant failed to (1) timely remove the case, and (2) establish that the amount in controversy exceeds $75,000. ECF No. 15.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance*.*" *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

A plaintiff may either facially or factually contest a defendant's jurisdictional allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964–65 (9th Cir. 2020). When a plaintiff mounts a "facial attack," which accepts the allegations as true "but asserts that they 'are insufficient on their face to invoke federal jurisdiction,'" a court need only determine whether the defendant has plausibly alleged the facts necessary to support removal. *Id.* at 959, 964–65 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Unlike a "facial attack," a "factual attack" challenges the underlying factual bases of the jurisdictional allegations. *Salter*, 974 F.3d at 964. A plaintiff need not introduce evidence on its own to mount a factual attack, but rather "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). When a plaintiff mounts a "factual attack," a court must determine "by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Id.* at 700.

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

### A. Leave to File Supplemental Authority

The Court held a hearing on Plaintiff's Motion on July 8, 2024. ECF No. 25. Following the hearing, Defendant filed a Motion for Leave to File Supplemental Authority, seeking the Court's consideration of additional authorities concerning the amount in controversy. ECF No. 26. Plaintiff opposed the motion, arguing that such authorities existed at the time Defendant filed his Opposition and thus no good cause existed for supplementation. ECF No. 27.

"LR 7–2(g) requires parties to acquire leave of court before filing supplemental briefs." *Ra Se. Land Co. LLC v. First Am. Title Ins. Co.*, Case No. 2:14-cv-01621-MMD-NJK, 2016 WL 4591740, at *2 (D. Nev. Sept. 2, 2016). "A court may grant such a request for good cause." *Id.* Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential or particularly persuasive and helpful. *See Hunt v. Washoe Cty. Sch. Dist.*, Case No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019).

Here, the Court declines to consider Defendant's supplemental authority because as Plaintiff points out, all such authority was available prior to both the filing of Defendant's Opposition and the hearing on Plaintiff's Motion. Defendant's core argument stems from *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019)—which found that a defendant may rely on reasonable assumptions rooted in the allegations of the complaint—and that case was already cited in Defendant's Opposition. ECF No. 20 at 8. Defendant's supplement merely seeks to

1  introduce new arguments relating back to this proposition. *See* ECF No. 26. As such,
2  Defendant has not shown good cause. *See Hunt*, 2019 WL 4262510, at *3.

3      **B. Amount in Controversy**

4      Plaintiff asks the Court to remand the case because she contends that Defendant failed to
5  establish that the amount in controversy exceeds $75,000. ECF No. 15 at 15–17. Plaintiff
6  challenges Defendant's damages calculations and assumptions, arguing that Defendant's
7  calculations ignore that Plaintiff can recover on her claim for intentional infliction of emotional
8  distress *or* negligent infliction of emotional distress, but not both. *Id.* By challenging the factual
9  basis of the assumptions underlying Defendant's calculations, Plaintiff has mounted a factual
10 attack. *See Harris*, 980 F.3d at 700. Thus, the Court must determine whether Defendant satisfied
11 its burden of proving by a preponderance of the evidence that the amount in controversy exceeds
12 $75,000. *Id.* at 699.

13     Defendant contends that it is apparent from the face of the complaint that the jurisdictional
14 threshold is met. ECF No. 20 at 7. In his Notice of Removal, Defendant reasons that the amount
15 in controversy exceeds $75,000 because Plaintiff brings three causes of action—each of which
16 individually exceeds $15,000—and seeks general damages in excess of $15,000 as well as
17 punitive damages in excess of $15,000. ECF No. 1 at 4. Thus, according to Defendant, summing
18 the causes of action (in excess of $45,000) with the damages (in excess of $30,000) equals an
19 amount over $75,000. *Id.*

20     Plaintiff challenges these calculations, arguing that the only amount Defendant can glean
21 from the complaint is the damages she seeks, which are in excess of $30,000. ECF No. 15 at 15.
22 Plaintiff contends that even if the Court were to consider her causes of action in addition to her
23 damages, it would not exceed $75,000 because she can only recover on her second cause of
24 action, intentional infliction of emotional distress, or her third cause of action, negligent infliction
25 of emotional distress, but not both. *Id.* at 16. Based on Plaintiff's calculations, totaling the causes
26 of action (in excess of $30,000) with the damages (in excess of $30,000) falls short of the
27 jurisdictional threshold. *Id.*

28

In response to Plaintiff's calculations, Defendant argues that the Court may rely on reasonable assumptions rooted in the allegations of the complaint to determine that Plaintiff's claims exceed $75,000. ECF No. 20 at 8. He asserts that because the amount in controversy is based on total possible recovery—and is not a liability determination—Plaintiff's argument that she can only recover on the second or third cause of action should be disregarded. *Id.* Defendant contends that by simply examining the severity of Plaintiff's contentions (*i.e.*, that Defendant sexually assaulted her) the Court can conclude that the amount in controversy far exceeds the jurisdictional minimum. *Id.* And, he argues, the possibility of high damages is only confirmed by Plaintiff's own demand letter, which offered to settle the case for $5 million. *Id.*

First, the Court finds that it is not facially apparent from the complaint that the amount in controversy requirement is met. Defendant is correct that the amount in controversy is the total amount a plaintiff could *possibly* recover, not the amount a plaintiff is *likely* to recover. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020). Plaintiff has cited no authority (and the Court has found none) standing for the proposition that a plaintiff can *only* recover on IIED or NIED, but never both under Nevada law. And Plaintiff's complaint does not state that the claims are pleaded in the alternative. Nonetheless, even assuming that Plaintiff's three causes of action, added together, exceed $45,000, the jurisdictional minimum still is not met. Although Plaintiff seeks damages in excess of $30,000, it is not apparent to the Court that such damages would be *in addition* to those sought by the three cause of action. Rather, it seems more likely that such damages would necessarily overlap.

Second, the demand letter is not a useful metric in this case for determining the amount in controversy. The Ninth Circuit found that a settlement letter "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citation omitted). But here, the demand letter merely seeks $5 million without any sort of explanation as to how the figure was reached. ECF No. 15-3. Plus, Plaintiff acknowledges that the demand letter was simply an early bargaining tactic and that it does not reasonably reflect the value of her claims. ECF No. 23 at 8.

Finally, Defendant is correct that he may rely on reasonable assumptions to establish that the jurisdictional requirement is met. *Arias*, 936 F.3d at 922. However, Defendant did not provide the Court with any assumptions to rely on other than asserting that the serious nature of Plaintiff's claims demonstrate that damages clearly exceed $75,000. ECF No. 20 at 8. This assertion is not akin to other reasonable assumptions that have been recognized by the Ninth Circuit. *See, e.g.*, *Arias*, 936 F.3d at 923 (assumptions based on complaint's definition of "class," employee data, and assumed violation rates); *Greene*, 965 F.3d at 772 (assumption based on jury verdicts awarding punitive damages under same statute); *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (assumptions based on amount of work weeks in complaint and average wages). The Court therefore cannot merely accept this bare assertion at face value to conclude that the amount in controversy is met. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) ("assumptions cannot be pulled from thin air but need some reasonable ground underlying them.").

Because Defendant failed to provide any other summary judgment-type evidence, he has not met his evidentiary burden. And "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added). Given that the amount in controversy requirement is not satisfied, the Court need not reach the parties' arguments regarding timeliness. The Court grants Plaintiff's Motion and remands the case to state court.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Leave to File Supplemental Authority (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 15) is **GRANTED**. This action is remanded to the Eighth Judicial District Court in Clark County, Nevada.

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to close this case.

DATED this 4th day of November 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE